IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02253-WYD-MEH

JERAMIAH CHRISTOPHER RAPER and
ANGELA RAPER,

       Plaintiffs,

v.

J-M MANUFACTURING COMPANY, INC.,
PW EAGLE INC., d/b/a JM EAGLE, and
JOHN DOES 1-2, whose true names and identities are unknown,

       Defendants.

---

## RECOMMENDATION FOR DISMISSAL WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE

---

**Michael E. Hegarty, United States Magistrate Judge.**

       This matter comes before the Court *sua sponte* due to Plaintiffs' failure to comply with this Court's explicit order to appear in person at the Status Conference held January 7, 2011. For the reasons stated below, the Court **RECOMMENDS** this matter be **DISMISSED WITHOUT PREJUDICE** for Plaintiffs' failure to prosecute their case.[1]

---

[1]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

## I.    Background

Plaintiffs initiated this personal injury lawsuit through counsel on September 15, 2010.  The Court held a scheduling conference on December 21, 2010.  (Docket #19.)  At the scheduling conference, counsel for Defendants raised their concern that Plaintiff Jeramiah Raper is presently a fugitive, and thus unable to properly conduct his case.  Counsel represented that he had contacted Mr. Raper's parole officer, who reported that Mr. Raper was a fugitive and was being sought in connection with a new criminal offense.  Counsel for Mr. Raper stated that he knew nothing about this alleged current fugitive status.  Defense counsel was concerned that no discovery could occur if the whereabouts of Plaintiff was unknown.  The Court scheduled a Status/Settlement Conference for January 7, 2011, requiring the attendance of all parties present in person, in order to determine the status of Plaintiff Jeramiah Raper.  Plaintiff's counsel specifically requested permission for the Plaintiffs to appear by telephone, which the Court denied.

Plaintiffs' counsel, and defense counsel (and the latter's client, who traveled to Denver from out of state for the settlement conference) appeared in Court on January 7, 2011, but neither Plaintiff appeared, in violation of this Court's order.  On the record, Plaintiffs' counsel indicated that Plaintiff Jeramiah Raper is presently a fugitive.

## II.   Discussion

The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant.  *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993).  Federal Rule of Civil Procedure 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order.  *See id.  See also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007).  Although the language of Rule 41(b) requires that

2

the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). *See also Hawkinson v. Montoya*, 283 F. App'x 659, at *2 n.2 (10th Cir. 2008) (unpublished) (citing *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007)). When evaluating grounds for dismissal of an action, the Court looks to the following *Ehrenhaus* factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; … (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citations omitted).

Regarding the first factor, Plaintiffs' failure to appear, assumptively due to Plaintiff Jeramiah Raper's status as a fugitive, adversely affects Defendants' proceeding in this matter. If neither Plaintiff is available to prosecute their case, Defendants await in limbo for the fair and just conclusion of Plaintiffs' claims. In satisfaction of the second factor, Plaintiffs' non-compliance with the judicial process by failing to comply with the Court's explicit order flouts the Court's authority, similar to the Tenth Circuit's determination in *Ehrenhaus*. Plaintiff Jeramiah Raper's status as a fugitive does not help this point, from Plaintiffs' perspective. Additionally, Plaintiffs' failure compels the Court's continuous monitoring of this matter and unnecessary issuance of orders, in turn increasing the workload of the Court and therefore interfering with the administration of justice.

In evaluating the third factor, the Court expressly ordered Plaintiffs, through their counsel, to appear at the January 7, 2011 Status Conference. Plaintiffs' failure to appear and Plaintiff Jeramiah Raper's fugitive status lead the Court to believe Plaintiffs are culpable under these circumstances. Furthermore, the discussion at the scheduling conference regarding Plaintiff's

possible fugitive status gave Plaintiffs notice that claims could be dismissed as a result of any failure to prosecute, in satisfaction of the fourth factor.

In considering the fifth factor regarding efficacy of lesser sanctions, the Court recommends dismissal without prejudice. "A district court has the authority to dismiss a case sua sponte for failure to appear at a [court-ordered] conference." *Murray v. City of Tahlequah, Okla.*, 215 F.3d 1337, 2000 WL 675982, at *1 (10th Cir. 2000). Dismissal with prejudice "represents an extreme sanction appropriate only in cases of willful misconduct," and should be used "as a weapon of last, rather than first, resort." *Ehrenhaus*, 965 F.2d at 920. *See also Butler v. Butierres*, 227 F. App'x 719, 720 (10th Cir. 2007) (remanding dismissal with prejudice for determination of willfulness); *Cosby v. Meadors*, 351 F.3d 1324, 1334 (10th Cir. 2003) ("We caution, however, that our review of Plaintiff's egregious misconduct should not be interpreted as suggesting that equally egregious misconduct is necessary to justify dismissal with prejudice.").

Plaintiffs have failed to prosecute this case with due diligence by their failure to appear in person at the January 7, 2011 Status Conference, in direct contravention of this Court's order. Moreover, given Plaintiff Jeramiah Raper's fugitive status, the Court does not believe Plaintiffs' failure to prosecute this matter will improve any time soon. For these reasons, dismissal without prejudice of this action is warranted.

## III.     Conclusion

Based on the foregoing and the entire record herein, and pursuant to Fed. R. Civ. P. 41(b), the Court hereby **RECOMMENDS** that the District Court **dismiss without prejudice** this case for Plaintiffs' failure to prosecute. The Court further invites Defendants to file a motion seeking fees for their attendance at the January 7, 2011 Status Conference, on or before **January 31, 2011**.

Dated at Denver, Colorado, this 11th day of January, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge