IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  10-cv-02253-WYD-MEH

JERAMIAH CHRISTOPHER RAPER and
ANGELA RAPER,

    Plaintiffs,

v.

J-M MANUFACTURING COMPANY, INC.;
PW EAGLE INC., d/b/a JM EAGLE; and
JOHN DOES 1-2, whose true names and identities are unknown,

    Defendants.

**ORDER AFFIRMING IN PART AND REJECTING IN PART RECOMMENDATION FOR DISMISSAL WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE**

THIS MATTER is before the Court on review of Magistrate Judge Hegarty's Recommendation for Dismissal Without Prejudice for Failure to Prosecute [hereinafter "Recommendation"] filed January 11, 2010.  The Recommendation was issued *sua sponte* as a result of Plaintiffs' failure to appear in person at a Status/Settlement Conference held January 7, 2011.

According to the Recommendation, the Status/Settlement Conference was set as a result of concern expressed by defense counsel at the Scheduling Conference on December 10, 2010, that Plaintiff Jeremiah Raper may be a fugitive and that no discovery could occur if his whereabouts are unknown.  (Recommendation at 2.)  In setting the Status/Settlement Conference, Magistrate Judge Hegarty specifically required the attendance of all parties in person, and denied Plaintiffs' counsel's request

for Plaintiffs to appear by telephone. (*Id.*; *see also* Courtroom Minutes/Minute Order of December 21, 2010, ECF No. 19.) While Plaintiffs' counsel appeared at the Status Conference, neither Plaintiff appeared in violation of the Court's Order. (*Id.*) On the record at the hearing, Plaintiff's counsel acknowledged that Plaintiff Jeremiah Raper was a fugitive. (*Id.*)

Magistrate Judge Hegarty notes in the Recommendation that Fed. R. Civ. P. 41(b) has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders. (Recommendation at 3) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) and other authority). He then evaluated the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), to determine whether the action should be dismissed by the Court. (*Id.*) He concluded that the *Ehrenhaus* factors warranted a dismissal of this case without prejudice. (*Id.* at 3-4.) The Recommendation also invited Defendants to file a motion seeking fees for their attendance at the January 7, 2011 Status Conference.

Plaintiffs filed an Objection to the Magistrate Judge's Recommendation on January 26, 2011. Defendants filed a Response to the Objections on February 7, 2011. Plaintiffs then filed a Reply to the Response to the Objections, without seeking leave of court to do so. Accordingly, on February 28, 2011, Defendants filed a Motion to Strike Plaintiffs' Reply. Defendant's Motion to Strike points out not only that Plaintiffs did not seek leave of the court to file the Reply, but that the Reply improperly raises evidence and arguments not raised in Plaintiffs' original Objections. On March 4, 2011, Plaintiffs

filed a Motion for Leave to File a Reply Brief: Re Recommendation for Dismissal Without Prejudice for Failure to Prosecute.

I first address the Motion to Strike Plaintiff's Reply. I agree with the arguments made by Defendants regarding errors made with regard to the Reply. Nonetheless, given the fact that Magistrate Judge Hegarty is recommending dismissal of the case as a sanction, I find that Plaintiffs' arguments in the Reply should be given consideration. Accordingly, Defendants' Motion to Strike Plaintiff's Reply is denied. Plaintiffs' Motion for Leave to File a Reply Brief: Re Recommendation for Dismissal Without Prejudice for Failure to Prosecute is granted.

I now turn to Plaintiffs' Objections to the Recommendation. Plaintiffs argue that this lawsuit is only four months into the proceedings and that dismissal of the case is too harsh a sanction. They further assert that the *Ehrenhaus* factors weigh against dismissal, arguing that the Defendants are not unfairly prejudiced by Plaintiffs' failure to appear at the Status/Settlement Conference. Plaintiffs argue that there have been no claims by the Defendants that the discovery process has actually been adversely affected and therefore, the degree of actual prejudice to Defendants is minimal. Further, Plaintiffs assert that the assumption that neither Plaintiff is available to prosecute is based strictly on their inability to appear at the one conference on January 7, 2011. Plaintiffs point out that this one failure to appear was their only infraction.

Plaintiffs also argue that the Court did not address the disparity of resources between the parties. Defendants include a corporation with a magnitude of financial resources; however, Plaintiffs have limited resources, are domiciled in Minnesota and

were only given 17 days to arrange to appear in court.  This period of time included Christmas and New Years, where the cost of travel is extraordinarily high.  Plaintiffs contend that this created an undue financial burden on them to comply with the Order.  They substantiated this assertion in their Reply, attaching an Affidavit of Angela Raper which details that her only source of income is $341.00 she receives each month in child support.  Plaintiff Angela Raper further asserts that due to her limited income, she could not afford to attend the conference.  Plaintiffs also point out that their counsel requested Plaintiffs' appearance by phone, which the Court denied, and then requested a continuance of the conference, which was also denied.  Thus, they assert that their non-compliance with the Order was not an intentional flout of the Court's authority.

Regarding the third factor, Plaintiffs argue that their culpability is questionable.  The Objection asserted that Plaintiff Jeramiah Raper's assumed status as a fugitive is only a temporary limitation on the underlying case and that it should be resolved in the near future.  Indeed, as noted in the Reply, Mr. Raper is now in custody.  Further, Plaintiffs assert that Angela Raper has not limited the prosecution of the matter and has not created unfair prejudice to Defendants.

As to the fourth and fifth factors, Plaintiffs acknowledge notice of the possibility of dismissal as a result of any failure to prosecute that was given to their counsel at the conference.  However, they assert that the efficacy of lesser sanctions available to the Court is more appropriate than dismissal.  Plaintiffs contend that granting their motion for continuance is more effective than a dismissal, and will not interfere with the judicial process or create unfair prejudice to the Defendant.

I agree with Plaintiffs that a sanction less than dismissal is warranted at this stage of the litigation based on their arguments in the Objections and Reply Brief.  The only real prejudice that Defendants suffered as a result of Plaintiffs' failure to appear at the Status/Scheduling Conference is that they incurred fees and costs necessary to prepare for and attend the conference.  However, I do not believe that prejudice is significant, particularly in light of the fact that Magistrate Judge Hegarty invited Defendants to submit a motion seeking fees for their attendance at the conference. Defendants submitted a motion seeking their fees and costs on January 31, 2011, which I am referring to Magistrate Judge Hegarty.  I am also returning the issue of sanctions to Magistrate Judge Hegarty for him to determine what sanction(s), less than a dismissal of the case, are appropriate.

Defendants further assert, without any explanation, that they have suffered prejudice by Plaintiffs' failure to execute worker's compensation, employment, and health care releases that defense counsel served on December 21, 2010.  They argue that the fact Mr. Raper remains a wanted fugitive suggests that they may never be able to prepare their case due to a continued inability to obtain necessary discovery. Magistrate Judge Hegarty expressed a similar concern in the Recommendation.  This issue is now moot given the fact that Mr. Raper is in custody and states he can sign the authorizations and assist with the litigation of the case.  Indeed, Plaintiffs are ordered herein to provide signed and executed releases to Defendants by no later than Friday, April 1, 2011.  Defendants' fear that the case will not go forward is thus unfounded at this stage of the proceedings.

Based upon the foregoing, I affirm the Recommendation to the extent it finds that some type of sanction is warranted for Plaintiffs' failure to appear at the Status Conference. I reject, however, the finding in the Recommendation that dismissal of the case is the appropriate sanction. Instead, I return the issue of sanctions to Magistrate Judge Hegarty to determine what lesser sanction than dismissal is warranted.

I warn Plaintiffs, however, that I will not hesitate to dismiss their case in the future if they fail to comply in any way with a Court Order or to appear in Court as directed. Indeed, given the latitude I have shown Plaintiffs, a dismissal in that circumstance may well be with prejudice rather than without prejudice.

In conclusion, it is

ORDERED that Defendants' Motion to Strike Plaintiffs' Reply to Defendants' Response to Plaintiffs' Objections to Magistrate[] [Judge's] Recommendation for Dismissal Without Prejudice for Failure to Prosecute filed February 28, 2011 (ECF No. 35) is **DENIED**. It is

FURTHER ORDERED that Plaintiffs' Motion for Leave to File a Reply Brief: Re Recommendation for Dismissal Without Prejudice for Failure to Prosecute is **GRANTED**. It is

FURTHER ORDERED that the Recommendation for Dismissal Without Prejudice for Failure to Prosecute filed January 11, 2011, is **AFFIRMED IN PART AND REJECTED IN PART**. The Recommendation is affirmed as to the finding that Plaintiffs should be sanctioned for their failure to appear at the Status/Settlement Conference on

January 7, 2011.  The Recommendation is rejected, however, to the extent it finds that the appropriate sanction is dismissal of the case.  Instead, it is

ORDERED that the case is **RETURNED** to Magistrate Judge Hegarty to determine what sanction(s) other than dismissal case are warranted pursuant to Fed. R. Civ. P. 41(b) for Plaintiffs' failure to appear at the Status/Settlement Conference.  This includes determining whether an award to Defendants of their attorney fees and/or costs is appropriate as requested in Defendants' Motion for Fees and Costs filed January 31, 2011.  Finally, it is

ORDERED that Plaintiffs shall provide executed worker's compensation, employment, and health care releases to Defendants by no later than **Friday, April 1, 2011**.

Dated:  March 21, 2011

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge